**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

A.J.T. *a minor child, by and through her parents, A.T. and G.T,*

Plaintiffs,

v.

OSSEO AREA SCHOOLS,
INDEPENDENT SCHOOL DISTRICT NO. 279,
OSSEO SCHOOL BOARD,

Defendants.

Case No. 21-cv-1760 (ECT/JFD)

**JOINT RULE 26(f) REPORT**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on September 23, 2021, and prepared the following report.

**DESCRIPTION OF THE CASE**

1. Concise factual summary of plaintiffs' claims: Plaintiffs are A.J.T., a minor child with disabilities and her Parents, A.T. and G.T. who have suffered discrimination on the basis of disability from Osseo Area Schools. Plaintiffs have sought but been denied a full school day since October 21, 2015, for no legitimate reason causing them pain, suffering, humiliation, indignity, loss of skills, loss of independence, loss of future activities and opportunities, loss of consortium and comfort, and significant costs to defend and pursue evaluations and litigation to secure a full school day including necessary assistive technology.

2. Concise factual summary of defendant's claims/defenses: A.J.T. is enrolled as a student at Defendant School District, Osseo Area Schools. A.J.T. receives special education and related services from the School District. A.J.T. has an intractable seizure disorder, which significantly impacts her cognitive ability. At the request of A.J.T.'s parents, A.T. and G.T., A.J.T. is permitted to attend school on a modified schedule with her school day beginning at 12:00 p.m. so that the family can manage A.J.T.'s seizure activity and recovery at home

during the morning hours. The School District agreed to extend A.J.T.'s school day beyond the end of the typical school day to provide A.J.T. with additional minutes of service. A.J.T.'s parents, A.T. and G.T. have requested that A.J.T.'s school day be extended further to 6:30 p.m.; however, the School District has denied this request as A.J.T.'s Individualized Education Program is reasonably calculated to allow her to make progress in light of her circumstances. Indeed, A.J.T. has and continues to make incremental progress. At no point in time has the School District engaged in any form of disability-based discrimination against A.J.T.

3. Statement of jurisdiction (including statutory citations): The parties agree this Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331. Plaintiffs assert this Court also has jurisdiction pursuant to 20 U.S.C. Sec. 1415(i)(2), and 28 U.S.C. Sec. 1343(a), 28 U.S.C. Secs. 2201 and 2202,

4. Summary of factual stipulations or agreements: none.

5. Statement of whether a jury trial has been timely demanded by any party: No party has demanded a jury trial.

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable: There has been no agreement to resolve this matter under the Rules of Procedure for Expedited Trials.

**FACT DISCOVERY**

Having conferred about the unique needs of this case, and mindful of the goals of justice, efficiency, proportionality, and inexpensiveness, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before February 1, 2022. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before March 1, 2022.

2. The parties must commence fact discovery in time to be completed by March 1, 2023. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and

proportionality, and propose that the Court limit the number of discovery procedures as follows:

a. 30 interrogatories for each party;

b. 30 document requests for each party;
The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

c. 30 requests for admission for each party;
The parties have discussed a protocol for the authentication of documents and agree on the following: the custodian of records shall certify in writing the authentication of all documents.

d. 5 fact depositions for each party;

e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement: none.

f. 1 Rule 35 medical examination, which will be completed by March 1, 2022.

g. ____other

h. ***The parties have discussed the impact of COVID-19 and the national response to the epidemic on this litigation. Counsel believe that this epidemic might affect the discovery phase of this case in the following ways:*** in-person proceedings should be minimized and masking and vaccinations should be required.

**EXPERT DISCOVERY**

1. The parties anticipate that they will require expert witnesses at the time of trial.

a. The plaintiffs anticipate calling three experts in the fields of speech/language/communication/assistive technology, educational psychology and neuropsychology.

b. The defendant anticipates calling three to four experts in the fields of: neurology; neuropsychology; speech language pathology; and augmentative communication.

2. The parties propose that the Court establish the following plan for expert discovery:

   a. Initial experts

      i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before April 1, 2022.

      ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before June 1, 2022.

   b. Rebuttal experts

      i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before September 1, 2022.

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before December 1, 2022.

3. All expert discovery, including expert depositions, must be completed by March 1, 2023.

**OTHER DISCOVERY ISSUES**

1. Protective Order
   The parties have discussed whether they believe a protective order is necessary to govern discovery and agree that Plaintiffs' counsel will draft a protective order for Defendant's counsel to review. The parties will collaborate on drafting a final version and stipulate to a protective order. (The parties are encouraged, though not required, to use protective order

template available on the District's website as a template for a proposed protective order.)

2. Discovery of Electronically Stored Information
   The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving potentially discoverable electronic information. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: all relevant discovery maintained in electronic form, including on computers, emails, texts, cell phones, and any other storage form will be preserved by each party and disclosed upon request in written form.

   The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The Guide should be read in advance of the Rule 26(f) Conference.

   The parties will further meet and confer by December 1, 2021, to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by February 1, 2022.

3. Claims of Privilege or Protection
   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

   a. Request the Court to include the following agreement in the scheduling order: the parties will meet and confer in an attempt to resolve disputes regarding assertions of privilege, but will request in camera review of relevant documents if disputes persist.

**PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by November 1, 2021.

2. Motions seeking to amend the pleadings must be filed and served by February 1, 2022.

3. Non-dispositive motions:

   a. All non-dispositive motions relating to fact discovery must be filed and served by May 1, 2023.

   b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by May 1, 2023.

   The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must be filed by August 1, 2023.

**TRIAL-READY DATE**

1. The parties agree that the case will be ready for trial on or after November 1, 2023.

2. The anticipated length of the bench trial is three days.

3. The parties propose that the final pretrial conference be held on or before October 1, 2023.

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured:

Defendant School District insured by EMC Insurance Companies. The limits of coverage are $1,000,000.00.

**SETTLEMENT**

The parties discussed settlement at the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed to Chambers a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Docherty's Notice of

Pretrial Conference.

**TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: September 24, 2021

**SCHOOL LAW CENTER**

By: */s/ Amy J. Goetz*
Amy J. Goetz (Reg. No. 214711)
Attorneys for Plaintiffs
452 Selby Avenue, Suite 2 East
Saint Paul, Minnesota 55102
(651) 222-688
agoetz@schoollawcenter.com

***Attorney for Plaintiff***

DATE: September 24, 2021

**RATWIK, ROSZAK & MALONEY, P.A.**

By: *s/ Laura Tubbs Booth*
Laura Tubbs Booth
Elizabeth M. Meske
Ratwik, Roszak & Maloney, P.A.
730 Second Avenue South, Suite 300
Minneapolis, MN 55402
(612) 339-0060
ltb@ratwiklaw.com
emm@ratwiklaw.com

***Attorneys for Defendant***