UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

A.J.T., a minor child, by and through her Parents, A.T. and G.T., individually and jointly,

Plaintiffs,

v.

Osseo Area Schools, Independent School District No. 279, and Osseo School Board,

Defendants.

Civil File No. 21-CV-1760 (ECT/JFD)

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE AND STAY THE PROCEEDINGS**

-----------------------------------------------

Osseo Area Schools, Independent School District No. 279,

Plaintiff,

v.

A.J.T., a minor child, by and through her Parents, A.T. and G.T., individually and jointly,

Defendants.

Civil File No. 21-CV-1453 (MJD/DTS)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO TO CONSOLIDATE AND STAY THE PROCEEDINGS**

## INTRODUCTION

Osseo Area Schools, Independent School District 279 ("School District"), brings this motion seeking to consolidate the above-captioned cases for the purposes of future pre-trial proceedings and stay the proceedings in Civil File No. 21-CV-1760 (ECT/JFD)

until Civil File No. 21-CV-1453 (MJD/DTS) is resolved. Civil File No. 21-CV-1453 (MJD/DTS) is an appeal by the School District of an administrative decision holding that the Student did not receive a free appropriate public education because the School District failed to extend her school day. This action will be herein referenced as “the Appeal.” Civil File No. 21-CV-1760 (ECT/JFD) is a civil action brought by the Student and the Parents against the School District that alleges that the School District’s failure to extend the Student’s school day resulted in disability-based discrimination and retaliation. This action will be referenced herein as “the Discrimination Lawsuit”.

Consolidation of cases under Fed. R. Civ. P. 42 is appropriate, in the Court’s discretion, where actions involve a common question of law or fact. The Appeal and the Discrimination Lawsuit involve precisely the same legal question, the same parties and the same underlying facts. Moreover, the resolution of the Appeal will undoubtedly impact the outcome of the Discrimination Lawsuit. For these reasons, as set forth in additional detail below, the two cases should be consolidated for purposes of pretrial proceedings and the proceedings in the Discrimination Lawsuit should be stayed until the Appeal is decided. The School District respectfully requests the Court consolidate the two cases in order to efficiently manage the timelines at hand, preserve judicial resources, and avoid the possibility of any inconsistency in adjudication. This Memorandum in Support of the School District’s Motion to Consolidate and Stay the Proceedings includes this introduction, a background section, the School District’s legal analysis, and a conclusion.

## BACKGROUND

As noted above, Civil File No. 21-CV-1453 (MJD/DTS) is an appeal, brought by the School District, of an administrative hearing decision rendered in April 2021 as a result of a due process hearing brought by A.J.T. ("Student"), a student in the School District, and her parents, A.T. and G.T. ("Parents"). The Appeal was filed on June 21, 2021, and subsequently served on the Student's counsel on August 24, 2021.[1] The School District is seeking an order overturning the decision of the administrative law judge ("ALJ") who found that the School District had failed to provide the Student with a free appropriate public education ("FAPE"). At issue in the due process hearing was whether the Student, who previously attended school on an altered school day schedule from 12:00 p.m.[2] to 4:15 p.m., was entitled to additional hours of instruction outside of the regular school day in order to receive a six-and-a-half-hour school day like the majority of her peers. The ALJ found that the School District failed to provide a FAPE to the Student and ordered that the Student's Individualized Education Program ("IEP") be amended to include an additional one and a half hours of instruction in the Student's home each school day between the hours of 4:30 p.m. and 6:00 p.m.

---

[1] The School District did not serve its complaint appealing the due process hearing decision immediately, as the parties continued to navigate settlement discussions.

[2] The Student's noon start time has been an ongoing request by the Parents, who report that they can best manage her seizure activity and recovery if the Student remains at home in the mornings. The School District has always respected the family's wishes and honored their request to excuse the Student from attending school in the morning. The School District has historically and continues to stand ready to serve the Student in the morning should the family so allow.

Civil File No. 21-CV-1760 (ECT/JFD) is a civil action brought by the Student and the Parents against the School District that alleges discrimination and retaliation under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA"). The Discrimination Lawsuit was filed on August 3, 2021. The Student's and Parents' claims in the Discrimination Lawsuit primarily assert that the School District discriminated against them by not providing the Student with a "full school day." The Discrimination Lawsuit also claims that the School District interfered with and retaliated against the Parents for advocating for their daughter.

The parties in both matters are the same and in both cases the Student and her Parents are represented by Amy Goetz of the School Law Center and the School District is represented by the law firm of Ratwik, Roszak and Maloney, P.A. The dispositive motion deadline in the Appeal has been set as February 28, 2022. Preliminary discovery in the Discrimination Lawsuit is underway and is scheduled to be completed by March 1, 2022, but no motion practice has ensued to date in this case. Expert discovery is slated to occur this coming spring and summer, with a dispositive motion deadline of July 29, 2022, and a trial-ready date in late November 2022.

## <u>LEGAL ANALYSIS</u>

### I. LEGAL STANDARD

Fed. R. Civ. P. 42(a)(2) allows consolidation of actions if they involve "a common question of law or fact." Consolidation of cases falls squarely within the Court's "sound discretion," but that discretion is not without limits. *Enterprise Bank v. Saettele*, 21 F.3d

233, 235 (8th Cir. 1994). Where a common question of law or fact exists, there are additional factors relevant to the consolidation analysis including, "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (citation omitted). "The party seeking consolidation bears the burden of showing that it would promote judicial convenience, and economy." *Powell v. National Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

When actions are consolidated, they retain their separate characters. *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018). However, consolidation enables the Court and parties to more efficiently and effectively manage them. *Id.* ("From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them."); *see also Saettele*, 21 F.3d at 235 ("Further, consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (citation omitted); *Monday Restaurants LLC v. Intrepid Direct Ins. Co.*, 4:20-CV-767 SNLJ, 2020 WL 8214074, at *2 (E.D. Mo. Dec. 7, 2020) (finding that, where the moving party was

not seeking merger of the lawsuits, consolidation would result in enhanced efficiency and would be proper in light of the common facts and law at issue).

## II. THE CASES SHARE COMMON QUESTIONS OF LAW AND FACT, AND CONSOLIDATION WOULD PROMOTE EFFICIENCY AND COMPLETENESS.

Consolidation of the Appeal and Discrimination Lawsuit is appropriate here because common questions of law and fact are present. Moreover, practical considerations of economy, efficiency, and consistency support the coordination of proceedings in these two matters.

Common questions of law and fact exist in the two matters proposed for consolidation. Specifically, the Student and the Parents premise their claims in the Discrimination Lawsuit on the length of the Student's school day, the same issue raised in the underlying due process hearing which has now been appealed.

Notably, the Student is required to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA") before she can sue for an alleged failure to implement her IEP. 20 U.S.C. § 1415(l); *see also Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017). As the Supreme Court held in *Fry*:

> Section 1415(l) makes clear that nothing in the IDEA "restrict[s] or limit[s] the rights [or] remedies" that other federal laws, *including antidiscrimination statutes*, confer on children with disabilities. At the same time, the section states that if a suit is brought under such law "seek[s] relief that is also available under" the IDEA, the plaintiff must first exhaust the IDEA's administrative procedures.

137 S. Ct. at 748 (quotation marks and brackets in original, emphasis added). The IDEA "requires exhaustion when the gravamen of a complaint seeks redress for a school's

failure to provide a FAPE, even if not phrased or framed in precisely that way." *Id.* at 755. "What matters is the crux—or, in legal-speak, the gravamen—of the plaintiff's complaint, setting aside any attempts at artful pleading." *Id.* To that end, Section 1415(l) of the IDEA "treats the plaintiff as 'the master of the claim': She identifies its remedial basis—and is subject to exhaustion or not based on that choice." *Id.* (citation omitted).

The gravamen of the Student's due process complaint is without question the length of her school day. In her complaint and request for a due process hearing, the Student contends that "[t]he District has failed to provide [the Student] with a full day of instruction" and that the Student "has not made adequate progress…because of the withholding of full-time services." *See* Exhibit A to the Affidavit of Elizabeth Meske at p. 3.[3] The remedy sought in the Student's complaint and request for a due process hearing was that the District should be ordered "to provide [the Student] with a full day of instruction beginning immediately," a claim which the Student indicated was proper for summary disposition. *Id.* at p. 4. In their Amended Complaint, the Student and her Parents similarly contend that "the refusal of the District to provide [the Student] a full school day can only be explained by discriminatory animus and retaliatory intent." *See* Meske Aff., Ex. B at p. 15, para. 79. In their discrimination lawsuit, the Student and her Parents specifically "[d]eclare that the Defendants have discriminated against Plaintiffs

---

[3] For ease of reference the School District is providing the Student's Complaint and Request for Due Process Hearing, dated September 14, 2020, and the Student and Parents' Amended Complaint or Doc. 15 in Civil File No. 21-CV-1760 (ECT/JFD) as exhibits to the Affidavit of Elizabeth M. Meske filed in Support of the School District's Motion to Consolidate and Stay the Proceedings.

on the basis of disability by excluding [the Student] from a full school day in violation of Section 504 of the Rehabilitation Act and Title II of the ADA." *Id.*, at p. 29, para 1. The gravamen of both complaints—of which the Student and her Parents are the master—is very clearly the Student's entitlement to a "full school day." Presumably, the Student filed her due process hearing request specifically to exhaust her administrative remedies as required by *Fry*. Her choice indicates that she understood her claim to be that she was entitled under the IDEA to a six-and-a-half-hour school day. This is exactly the claim that now underpins her discrimination claim—that she is entitled to what her peers receive.[4]

Additionally, considerations of efficiency and economy also support consolidation and coordination of these cases. While discovery has just recently commenced in the Discrimination Lawsuit, expert discovery, which will be time-consuming and costly for both parties, remains on the horizon. Likewise, dispositive motion practice has not yet occurred. Given this landscape, it makes good sense to await a decision in the Appeal before the parties and the Court devote time and resources to pretrial proceedings in the Discrimination Lawsuit. Consolidation of the cases at this juncture would also be the most efficient path forward for the parties and their expert witnesses.

Finally, the outcome of the Appeal almost certainly has an impact on the outcome of Discrimination Lawsuit. Should the ALJ's decision in the underlying due process hearing be overturned, and the School District found to be in compliance with the IDEA,

[4] The District has contended in the initial due process hearing and on appeal, that the Student is entitled to what her individual needs dictate – not what her general education peers receive.

it is unlikely that a Court would determine that the same context and outcome would constitute discriminatory conduct in violation of Section 504 or the ADA. If the Court were to overturn the ALJ's decision or remand the case for further proceedings, and it was decided that the School District provided the Student with a FAPE with less than a six-and-a-half-hour school day, it would be discordant for another Court to then determine that the Student was somehow discriminated against because she received less than a six-and-a-half-hour school day.

Moreover, "no viable claim can exist under [ ] other statutory provisions [referring to Federal disability statutes], in the absence of a claim which, factually and legally is distinct from those that have already been resolved. *Indep. Sch. Dist. No. 283, St. Louis Park, Minn. v. S.D. By & Through J.D.*, 948 F. Supp. 860, 890 (D. Minn. 1995), *aff'd sub nom. Indep. Sch. Dist. No. 283 v. S.D. by J.D.*, 88 F.3d 556 (8th Cir. 1996) (citations omitted); *see also Monahan v. State of Neb.*, 687 F.2d 1164, 1170 (8th Cir. 1982) (dismissing Rehabilitation Act and Section 1983 claims where same theories were advanced under IDEA). Even if the ALJ's decision is not overturned, the result would be the affirmation of the ALJ's decision that six hours of instruction (and not six and a half or a "full school day" as the Student and her Parents have advocated) is sufficient to provide the student with a FAPE. Thus, a finding that the School District's alleged failure to provide the Student with a "full school day" is discriminatory would again be inconsistent.

If the Discrimination Lawsuit is permitted to proceed before the Appeal is decided, there is a risk of inconsistency in adjudication if the Court addresses dispositive

issues in the cases at different times. *See Artic Cat, Inc. v. Polaris Indus. Inc.*, 13-cv-3579 (JRT/FLN), 2014 WL 5325361, *16 (D. Minn. Oct. 20, 2014) (granting motion for consolidation where, "The Court concludes that it would be unwieldy and unnecessary for both it and the parties to attempt to maintain these two cases separately—issuing different scheduling orders, hearing separate motions, and attempting to avoid inconsistent results with respect to arguments made on the same patents."). The Court will have a more complete record before it with the Appeal decision rendered and can consider the evidence and issues at hand in a manner that is both comprehensive and most efficient if the two cases are aligned. Because of the significant overlap in underlying facts and issues, consolidation of these matters at this time is the most reasonable way to ensure efficiency and consistency.

## CONCLUSION

Based on the foregoing, the School District respectfully requests that the Court consolidate and coordinate Civil File No. 21-CV-1760 (ECT/JFD) and Civil File No. 21-CV-1453 (MJD/DTS) for all pre-trial proceedings and stay the proceedings in the Discrimination Lawsuit (Civil File No. 21-CV-1760 (ECT/JFD)) until the Appeal (Civil File No. 21-CV-1453 (MJD/DTS)) is resolved.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully Submitted,

**RATWIK, ROSZAK & MALONEY, P.A.**

Dated: January 3, 2022

By: /s/ Laura Tubbs Booth

Laura Tubbs Booth
Attorney Reg. No. 186910
Elizabeth M. Meske
Attorney Reg. No. 397583
444 Cedar Street, Suite 2100
Saint Paul, Minnesota 55101
(612) 339-0060
ltb@ratwiklaw.com
emm@ratwiklaw.com

**ATTORNEYS FOR SCHOOL DISTRICT**

RRM: 440365